Spear, J.
The courts below regarded the case as turning upon the construction of the contract. If it were a contract between Parry and a corpora *402 tion, anticipated but not yet in existence, there ®ould be no recovery. If, on the other hand, it were a contract between individuals, there might be, if the testimony warranted it; and that is the principal question argued here. '
It seems to be conceded, at least it is to us apparent, that the contract is confusing, and that, unless light may be thrown upon its meaning by surrounding circumstances, the intention of the parties in several important respects, will remain in doubt. But, reading the instrument in the light of the situation of the parties at the time and of the object to be accomplished, we may be aided in reaching a satisfactory construction. How> then, were the parties situated, and what did they undertake to do? Prior to the making of the contract Parry had purchased of the Mansfield Improvement Company, (a partnership composed of the plaintiffs in error) a tract of land on which he had developed a stone quarry. He had also bought and placed on the ground a quantity of quarrying* machinery, and had contracted for a right of way for a railroad switch leading to the quarry. He had possession under a contract of purchase. A deed had been executed by the trustees of the company and placed in the hands of a third person. But the company obtained possession of the deed, and when, afterwards, a tender of money and securities was made by Parry, in accordance with the terms of the contract, and the deed demanded, it was refused. Subsequently, plaintiffs in error, desiring to repurchase the property, together with the improvements and machinery owned by Parry, and form a corporation for its management, induced this contract to be executed. The property mentioned in the contract *403 was turned over by Parry to the plaintiffs in error, and they have since remained in the possession of it. Some steps were taken looking to the formation of the contemplated corporation, but the organization was not perfected and so never had legal existence.
The contention of plaintiffs in error is that the contract, so far as payment was concerned, was one between Parry and the anticipated corporation, and that he never intended to look to the promoters individually. The contract itself hardly justifies this conclusion. It purports to be between the plaintiffs in error, individually, and as a partnership, and A. J. Twitehell and L. L. Parry. After a provision agreeing to form an incorporated company, “it is agreed by and between all the parties hereto” that the land and improvements shall be conveyed to the corporation. It then provides that Parry shall be allowed and paid for his interest in the property $6,000. This is to be paid by the new company, but it does not purport to be the agreement of the new company; it is in terms the agreement of the parties. j^Then “it is further agreed by the parties hereto” that Parry is to receive and be paid, as compensation for work and development already made, $6,000 in the capital stock of the new corporation, and for machinery and tools owned and used by him belonging to the quarry, the sum of $3,000, etc.: all the stipulations are, and purport to be, by the parties. Nor is the construction contended for aided by the conduct of the parties. Parry turned over the property, improvements and machinery to the plaintiffs. in error and they accepted, and have continued to occupy and use the same, a course of conduct not consistent with the idea of reliance by Parry on *404 the new corporation for his pay. In the light of all the surroundings and of the conduct of the parties, we think the language of this instrument imports a contract between the parties, and not a contract assuming to bind a corporation yet to be formed, and that, as treated by the parties, it means that plaintiffs in error assumed responsibility for the payment of the consideration for the property which they accepted and have retained, and that Parry relied upon that assumption. Upon the face of the paper, it is true, the obligation for payment of compensation, and for the formation of the new company, appear to rest upon Parry as well as upon the others. But, in essence, and reality, they were adversary parties. Parry had something of value to sell; the others wished to possess themselves of it. He agreed to sell at a stipulated price, and all agreed that he should be paid in a certain manner, to-wit: by money and corporate stock through an agency to be created, viz: a corporation. They had the power and ability to form and perfect such corporate agency; Parry did not. They failed to create the agency, and thus violated their contract. How different does it leave the parties than if there had been no stipulation for a new company? We confess we see no difference in essence. They now propose having thus failed to do what their agreement required, to hold on to Parry’s property without making him any compensation whatever. The position smacks of fraud; at least a court of justice can hardly be expected to sanction it. And looking at this instrument from the standpoint of the parties when it was made, and giving due effect to the purpose of each, and treating. the transaction as the parties treated it by their conduct be *405 fore as well as after the making of the paper, and continuously to the time of trial, it seems but just to hold that the plaintiffs in error accepted the interest and property rights of Parry with the obligation imposed as to the payment of the stated compensation, and should not now be permitted to interpose the thin film of an unorganized corporation between themselves and the performance of that obligation.
But it is further claimed that this action cannot be maintained because, the purpose of forming a corporation having been abandoned,' these parties, Parry included, became partners, and one partner cannot sue co-partners at law. No such question séems to have been made directly by pleading, nor in any way in the trial court; but if it had been so made we do not see how it could have been maintained. The proposition of law is correct, and, as to outside parties, perhaps might have application here. But looking this contract through and through, and construing it in the light of the situation, it cannot reasonably be concluded that Parry understood, or ought to have understood,that, in any event, he was forming a co-partnership with the plaintiffs in error. His position as vendor excluded the idea that he desired to take in a number - of partners in the management of the business, and the fact of yielding to plaintiffs in error absolute and exclusive possession of the property is wholly inconsistent with any idea of retaining a joint interest as co-partner.
It is insisted also that Parry cannot maintain this action alone; that he and Twitch ell are both parties of the second part, and there is no averment that one has assigned to the other. This proposition overlooks the fact that Twitchell has *406 no interest in the property which Parry contracted to sell, and which plaintiffs in error have possession of. His presence as plaintiff, therefore, was not necessary and would have been a misjoinder.
Other propositions of error are urged. W e do not think any well taken. The judgment of the circuit court reversing that of the common pleas will be

Affi/t'mecL.